UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )
                                    )   18-mj-07206-JCB
**v.**                              )
                                    )
**CLEON RILEY**                     )
                                    )
_____)

**ORDER**

**August 23, 2018**

**HILLMAN, D.J.**

Defendant, Cleon Riley, is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). After a detention hearing on June 14, 2018, the magistrate judge ordered the Defendant be detained pending trial. This Court held a hearing on the Defendant's request for review of the magistrate judge's order for detention on August 15, 2018.

Generally, it is the government's burden to persuade the court that pretrial detention is warranted. *United States v. Moss*, 887 F.2d 333, 338 (1st Cir. 1989)  If the court finds the existence of some risk, it should consider whether any condition or combination of conditions of release could act as a "reasonable guard" against the risk. *United States v. Patriarca*, 948 F.2d 789, 791 (1st Cir. 1991). If the court determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community" the court must detain the defendant pending trial. 18 U.S.C. § 3142(e). However, because the Defendant in this case is charged with a crime under § 3142(f)(1), a rebuttable presumption that pretrial detention is warranted exists.  *See id*.

After careful consideration, the Court finds that the Defendant has not overcome his burden and orders that he be detained pending trial. In making this determination, the Court weighed the factors provided in 18 U.S.C. § 1342(g), as required.

The Defendant, who is 36 years old, has lived in Worcester, Massachusetts for the majority of his life.[1] He has significant ties to the Massachusetts community where majority of his family resides, including three out of his four children, all of whom he maintains contact with.[2] The Defendant is not married and both of his parents are deceased. The Defendant has been unemployed for approximately six months but states that he has the primary responsibility for taking his 14 year old son, who has a disability, to medical appointments. In the past Defendant has worked overnight shifts and part-time as a landscaper and painter. The mother of the Defendant's godson and nephew, has agreed to let him live with her in Worcester. The probation department has found this to be a suitable residence however, probation recommends detention.

The Defendant has been charged with unlawfully possessing a firearm in violation of 18 U.S.C. §922(g). It is alleged that the Defendant sold a firearm to a cooperating source while under surveillance. Furthermore, at the time of his arrest, the Defendant was found with powder cocaine, crack cocaine, fentanyl and a large amount of cash on his person. Additionally, upon the search of an apartment believed to be used by the Defendant at the time of his arrest, scales, drug packaging items, 59 grams of cocaine, 25 grams fentanyl, and OxyContin were discovered. It is clear that nature and circumstances surrounding the offense charged pose a significant risk of danger to the community at large.

---

[1] The Defendant moved to Worcester, MA from the Bronx, NY when he was thirteen years old.
[2] Two children reside in Worcester, one resides in Lowell, MA, and the fourth resides in CT.

Furthermore, the Defendant has a significant criminal history which not only includes convictions and lengthy sentences for drug charges, and/or gun related offenses, but shows a pattern of reoffending shortly after serving a sentence. Most recently, in 2013, the Defendant was sentenced to a term of seven years. It appears that he was released in June 2017 and began committing the offenses alleged in this complaint only about six months later. The Defendant is also facing additional drug trafficking charges in state court, which he has not yet been arraigned on. The Court recognizes the Defendant's concerns about the potential delay of proceedings in state court. However, to the extent that these concerns may be considered as falling under any of the statutory factors, I do not find that it weighs significantly in favor of Defendant's release.

Weighing the seriousness of the offense charged, for which the Defendant faces a substantial mandatory-minimum sentence, the strength of the government's case, the Defendant's history of reoffending with similar yet what appears to be increasingly more dangerous offenses, and taking into consideration the Defendant's strong ties to Massachusetts, proposed living situation, and status of his state court proceedings, I find that the Defendant has failed to rebut the presumption of pretrial detention. The Court finds that there is no condition or combination of conditions that will reasonably assure the safety to the community or his appearance as required and the Defendant is hereby ordered to be detained during the pendency of this case.

**SO ORDERED.**

                                              */s/ Timothy S. Hillman*
                                              **TIMOTHY S. HILLMAN**
                                                  **DISTRICT JUDGE**